**MALIK Z. SHABAZZ, D.C. State Bar No. 458434**
**LAW OFFICES OF MALIK Z. SHABAZZ**
**700 Pennsylvania. Ave SE, Suite #200**
**Washington D.C. 20003**
**Tel: (301) 513-5445/ (240)-688-0735**

**KENNETH MIFFLIN. State Bar No.170599**
**LAW OFFICE MIFFLIN & ASSOCIATES**
**4309 S. Western Ave.**
**Los Angeles, CA. 90062**

**Attorneys for Plaintiff**
**ESTATE OF DR. KHALLID MUHAMMAD**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF KHALLID MUHAMMAD;** | ) |
| **HAROLD MOORE JR.** | ) |
| And | ) |
| **PAULA WHITE-** | ) |
| **RUSHIDDING (Estate Administrator)** | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR** |
| **TUPAC SHAKUR ESTATE,** | ) |
| | ) **COPYRIGHT INFRINGEMENT** |
| **INTERSCOPE RECORDS,** | ) |
| | ) |
| **SONGS OF UNIVERSAL, INC.,** | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| **JOSHUA'S DREAM MUSIC,** | ) |
| | ) |
| **SUGE PUBLISHING,** | ) |
| | ) |
| **DEATH ROW RECORDS,** | ) |
| | ` ) |
| **DARRYL V. HARPER, AND** | ) |
| | ) |
| **OTHER UNNAMED DEFENDANTS,** | ) |
| **DEFENDANTS.** | ) |
| | ) |

1

Plaintiff, ESTATE OF KHALLID MUHAMMAD; HAROLD MOORE JR. and PAULA WHITE-RUSHIDDIN (Estate Administrator) hereinafter referred to as ESTATE OF KHALLID ABDUL MUHAMMAD hereby complains and alleges as follows:

## INTRODUCTION

**Defendants' Unauthorized Exploitation of KHALLID ABDUL MUHAMMAD's Speeches.**

1. Plaintiff, the Estate of KHALLID ABDUL MUHAMMAD, brings this action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiff seeks damages and injunctive relief for Defendants' unauthorized use, reproduction, and distribution of Plaintiff's copyrighted works, including but not limited to speeches and intellectual property owned by the Estate.

2. Defendants have unlawfully used and commercially exploited the speeches of KHALLID ABDUL MUHAMMAD (**United States Copyright Office Registration Number TXuu 2-392-736, Date of Registration: September 22, 2023, [Title: "Black Holocaust Nationhood Conference"**) without obtaining the necessary permissions or providing compensation to his Estate. The unauthorized incorporation of DR. MUHAMMAD'S powerful oratory into a commercially successful musical work violates fundamental principles of copyright law and intellectual property rights.

3. Defendants, including THE TUPAC SHAKUR ESTATE, INTERSCOPE RECORDS, and other associated parties, knowingly and willfully incorporated KHALLID MUHAMMAD's speeches into the song "WHITE MAN'Z WORLD. (U.S. Copyright Office under Reg. No. **PA1071194**, and the sound recording under Reg. No. **SR0000230629**) the song's significant commercial success and enduring cultural relevance, neither KHALLID MUHAMMAD's Estate nor his rightful heirs have

received acknowledgment, attribution, or any form of financial compensation for the unauthorized use of his work.

4. . The song "WHITE MAN'Z WORLD" continues to be exploited commercially through digital streaming platforms, radio broadcasts, licensing, and other avenues. A sample of KHALLID ABDUL MUHAMMAD'S famous speech was incorporated into the track without authorization.

5. The speech in question is from KHALLID MUHAMMAD'S lecture, officially registered with the U.S. Copyright Office under Registration Number TXuu 2-392-736.

6. The unauthorized usage can be heard in "WHITE MAN'Z WORLD," where Dr. Muhammad's words are:

> **"We must fight for brother Mumia**
> **We must fight for brother Mutulu**
> **And we must fight for brother Ruchell Magee**
> **We must fight for brother Geronimo Pratt**
> **We must fight for Frankie Moore, Zulu, Kofi**
> **We must fight for the countless political prisoners**
> **Who are locked up falsely by this white man."**

(Exhibit 1: https://youtu.be/5SyQoWOzH48?feature=shared), are used without permission.



7. This song continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on digital streaming platforms, commercial music licensing services, radio broadcasts, and other commercial avenues—all without payment to the Estate or proper credit acknowledging DR. MUHAMMAD's intellectual contributions.

8. These acts were willful, knowing, and malicious and were perpetrated without regard for the Estate's rights. Defendants' conduct has resulted in ongoing economic harm to Plaintiff while allowing Defendants to benefit from unauthorized use of DR. MUHAMMAD's legacy and work. Defendants knowingly and deliberately used DR. MUHAMMAD's voice and speeches to enhance the impact and message of their work while failing to compensate or credit the rightful copyright holder.

9. The Copyright Act explicitly prohibits the unauthorized reproduction, distribution, and derivative use of copyrighted works. The Defendants' continued exploitation of DR. MUHAMMAD's intellectual property, through streaming, licensing, and distribution, constitutes a direct violation of these legal protections. Plaintiff now seeks judicial intervention to uphold the fundamental rights of content creators, enforce accountability for willful infringement, and ensure that Defendants are held liable for the unauthorized misappropriation of DR. MUHAMMAD's work.

**THE PARTIES**

10. Plaintiff ESTATE OF KHALLID MUHAMMAD and PAULA WHITE- RUSHIDDIN, ADMINISTRATOR OF THE ESTATE OF HAROLD MOORE JR. (K.A.M): The legal owner of the copyrighted works in question, including recorded speeches and intellectual contributions registered with the U.S. Copyright Office.

11. Defendants THE TUPAC SHAKUR ESTATE: Established to manage the intellectual property and legacy of the late rapper Tupac Shakur, the estate oversees rights to his music, likeness, and related assets.

12. INTERSCOPE RECORDS: An American record label that played a significant role in distributing Tupac's music during his career.

13. SONGS OF UNIVERSAL, INC.: A music publishing company that holds rights to various compositions, including some of TUPAC SHAKUR'S works.

14. JOSHUA'S DREAM MUSIC: Tupac renamed his publishing company Joshua's Dream Music in 1993.

15. SUGE PUBLISHING: Associated with MARION "SUGE" KNIGHT, co-founder of DEATH ROW RECORDS, this entity is involved in the publishing rights of works produced under the label, including those of TUPAC SHAKUR.

16. DEATH ROW RECORDS: A prominent record label co-founded by SUGE KNIGHT, responsible for releasing several of TUPAC'S albums, including the critically acclaimed "All Eyez on Me."

17. DARRYL "BIG D" HARPER: A music producer who collaborated with Tupac Shakur on his album "THE DON KILLUMINATI: THE 7 DAY THEORY," contributing to tracks such as "Bomb First," "Krazy," and "Military Minds.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

19. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants reside in, or conduct business within, this District and/or a substantial part of the infringing conduct occurred within this District.

## FACTUAL BACKGROUND

**Defendants' Unauthorized Exploitation of KHALLID ABDUL MUHAMMAD's Speeches**

20. THE DON KILLUMINATI: THE 7 DAY THEORY is the fifth studio album by TUPAC SHAKUR, released posthumously under the stage name MAKAVELI. The album, recorded in July and August 1996, was released on November 5, 1996, through DEATH ROW RECORDS, MAKAVELI RECORDS, AND INTERSCOPE RECORDS (EXHIBIT 2:

https://en.wikipedia.org/wiki/The_Don_Killuminati:_The_7_Day_Theory).



21 DR. KHALLID MUHAMMAD was the iconic national spokesman for the Nation of Islam and Minister Louis Farrakhan. At the time of TUPAC SHAKUR'S recording, DR. KHALLID was a one of the most popular lecturers in the United States of America. On WHITE MAN" Z WORLD, the speeches taken from DR. KHALLID, vividly connects systemic racial oppression to the broader struggle for justice and equality, emphasizing that economic and social disparities are not individual failures but the result of centuries of structural disenfranchisement. His presence on WHITE MAN'Z WORLD reinforces TUPAC SHAKUR'S role as not just an artist, but as a voice for Black empowerment and resistance against oppression. At a time when hip-hop was a leading force in shaping political discourse among Black youth, DR. KHALLID'S inclusion gave WHITE MAN'Z WORLD an undeniable authenticity, elevating it beyond music into a revolutionary message against racial injustice.

22 DR. KHALLID MUHAMMAD IS PICTURED HERE:



23  Defendants have, without authorization and without giving credit to the Estate of KHALLID ABDUL MUHAMMAD, copied, reproduced, distributed, displayed, publicly performed, and otherwise exploited the infringing works, resulting in substantial revenue, profit, and commercial success for Defendants. Upon information and belief, each Defendant is responsible in some manner for the events described herein and is liable to the Estate for the damage incurred. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

24  Defendants continue to infringe on the copyrighted speeches of KHALLID ABDUL MUHAMMAD by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the infringing work. "WHITE MAN'Z WORLD" a **duly registered copyrighted work**, which underscores the willfulness of Defendants' infringement. The song's musical composition is registered with the U.S. Copyright Office under Reg. No. **PA1071194**, and the sound recording under Reg. No. **SR0000230629**. These registrations (with Songs of Universal, Inc., Joshua's Dream Music, and Suge Publishing on record as claimants) establish the protected status of the work and satisfy the statutory prerequisites (17 U.S.C. § 411(a)) for bringing this infringement action. Defendants had constructive notice of the song's copyright status via these public registrations, yet they failed to obtain any license or authorization before using Dr. Muhammad's material. This blatant disregard for both the rights in Dr. Muhammad's speeches and the rights attached to *WHITE MAN'Z WORLD* itself highlights a **reckless violation of copyright law**.

25  Defendants' conduct meets the definition of willful infringement, entitling Plaintiff to the maximum remedies available under the law. continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on digital streaming platforms, commercial

music licensing services, radio broadcasts, and other commercial avenues—all without payment to the Estate or proper credit acknowledging DR. MUHAMMAD'S intellectual contributions.

26 These acts were willful, knowing, and malicious and were perpetrated without regard for the Estate's rights. Defendants' conduct has resulted in ongoing economic harm to Plaintiff while allowing Defendants to benefit from unauthorized use of DR. MUHAMMAD'S legacy and work. Defendants knowingly and deliberately used DR. MUHAMMAD'S voice and speeches to enhance the impact and message of their work while failing to compensate or credit the rightful copyright holder.

## CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

**(Direct, Contributory, and Vicarious Copyright Infringement Against All Defendants)**

27 Plaintiff is the sole owner of the U.S. copyright in all rights, titles, and interests in the recorded speeches of KHALLID ABDUL MUHAMMAD, which were used without authorization in "WHITE MAN'Z WORLD." KHALLID MUHAMMAD.s copyrighted works are officially registered with the United States Copyright Office under Registration Number **TXuu 2-392-736**, titled **"Black Holocaust Nationhood Conference "** with a **Date of Registration: September 22, 2023**.

28 Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of Dr. Muhammad's speeches infringe upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

29 Defendants did not seek or receive permission to copy or interpolate any portion of Dr. Muhammad's speeches into "WHITE MAN'Z WORLD." registered with the U.S. Copyright Office under Reg. No. **PA1071194**, and the sound recording under Reg. No. **SR0000230629**.

30 Defendants' conduct has at all times been known, willful, and with complete disregard for Plaintiff's rights. As a proximate cause of Defendants' wrongful conduct, the Estate has been irreparably harmed.

31 The infringing work substantially copies and publicly performs the most distinct, important, recognizable, and significant portions of DR. MUHAMMAD'S speeches to the extent that "WHITE MAN'Z WORLD" could not exist without the stolen portions.

32 From the date of creation of "WHITE MAN'Z WORLD," Defendants have infringed Plaintiff's copyright interest, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the song on the radio, at live concerts, and personal appearances, and on film, video, television, internet, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records, digital downloads, and streaming through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the song through various sources and outlets; (c) by substantially copying and the related marketing and promotion of the sale of records, videos, downloads, streams, tickets to concerts and other performances, and other merchandise; (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of DR. MUHAMMAD'S speeches in and as part of the infringing works, packaged in a variety of configurations and digital downloads, streams, mixes, and versions, and performed in a variety of ways including internet, radio, concerts, personal appearances, film, video, television, downloads, streams, and otherwise.

33 Neither DR. MUHAMMAD'S Estate nor his heirs have received credit for, nor have they received any copyright ownership interests in and for, any of the exploitations of "WHITE MAN'Z WORLD" or any works associated with it.

34  The infringement by Defendants has been, and continues to be, willful and knowing.

35  With knowledge of the infringement, Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable. Defendants had the right and ability to control other infringers and have derived direct financial benefit from that infringement, making them vicariously liable.

36  The infringement is continuing as "WHITE MAN'Z WORLD" remains available on digital platforms, streaming services, and licensed for commercial use. As a direct and proximate result of Defendants' conduct, the Estate has suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

37  Pursuant to 17 U.S.C. § 504, the Estate is entitled to actual damages, including Defendants' profits, as will be proven at trial, and/or statutory damages, including attorneys' fees.

38  Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause the Estate irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, the Estate is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of "WHITE MAN'Z WORLD," including all infringing works.

## CONCLUSION

39  Based on the well-established principles of copyright law, Defendants' actions constitute a clear and willful infringement of Plaintiff's rights. The Supreme Court's ruling in **Warner Chappell Music, Inc. v. Nealy** has affirmed that Plaintiffs are entitled to damages for the full extent of the infringement, beyond the three-year limitation, ensuring that the Estate of KHALLID ABDUL MUHAMMAD receives appropriate compensation. This decision provides strong legal grounds for granting the relief sought in this case.

40 Furthermore, the precedents set in **Bridgeport Music, Inc. v. Dimension Films** and **Grand Upright Music, Ltd. v. Warner Bros. Records Inc.** reinforce the strict liability applied to unauthorized sampling of copyrighted material. These cases make it clear that Defendants were obligated to obtain proper licenses before using Dr. Muhammad's intellectual property. The failure to do so demonstrates blatant disregard for copyright protections and further supports Plaintiff's claim for damages.

41 The Estate of KHALLID ABDUL MUHAMMAD has suffered economic harm and reputational damage due to Defendants' exploitation of his speeches without consent or compensation. In order to protect the rights of creators and their estates, this Court should find in favor of the Plaintiff and award both monetary damages and injunctive relief to prevent future unauthorized use of Dr. Muhammad's works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    A. A finding that Defendants have willfully infringed Plaintiff's copyright(s).

    B. An order enjoining Defendants from further infringement.

    C. Statutory damages of up to $5 million per instance of unauthorized use.

    D. An order impounding infringing material.

    E. An award of attorneys' fees and costs;

    F. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

Dated: 3/21/25                          SHABAZZ LAW FIRM

By: /s/Malik Z. Shabazz Esq./s/
MALIK Z. SHABAZZ, ESQ.
Attorney for Plaintiff
LAW OFFICES OF MALIK Z. SHABAZZ
700 Pennsylvania. Ave SE, Suite #200
Washington D.C. 20003
Tel:   (301) 513-5445
[pro hac vice pending]

Dated: 3/21/25                          LAW OFFICE MIFFLIN & ASSOCIATES

By: /s/Kenneth MIfflin Esq./s/
KENNETH MIFFLIN, ESQ.
Attorney For Plaintiff
4309 S. Western Ave.
Los Angeles, CA. 90062