**KENNETH MIFFLIN. State Bar No.170599**
**LAW OFFICE MIFFLIN & ASSOCIATES**
**4309 S. Western Ave.**
**Los Angeles, CA. 90062**

**Attorney for Plaintiff**
**ESTATE OF DR. KHALLID MUHAMMAD**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ESTATE OF KHALLID MUHAMMAD et al. | ) ) ) ) ) Case No. 2:25-CV-02540 JLS-JPR ) ) PLAINTIFF'S OPPOSITION TO MOTION ) TO INTERVENE ) ) ) ) ) ) ) ) |
| vs. | |
| ESTATE OF TUPAC SHAKUR et al. | |
| DEFENDANTS. | |

**I. FACTUAL AND    PROCEDURAL BACKGROUND**

The Estate of Dr. Khalid Abdul Muhammad is the exclusive legal owner of all copyrights in Dr. Muhammad's intellectual property, including speeches, lectures, audio and video recordings, and written works, pursuant to United States Copyright Laws. Upon his passing, these rights vested in the Estate, administered by Paula White-Rushiddin, the duly appointed Personal Representative of the Estate of Khallid

Muhammad as ordered by Judge Lori Buchanan (order# P46055) in the District Court of Clark County Nevada on October 19, 2001.

The order states that "*No person appeared to contest the Petition. Upon proof duly made to the satisfaction of the Court, the Court now finds as follows: 1. All notices of the hearing have been duly given as required by law*". It further goes on to state: "*IT IS ORDERED that Paula White-Rushiddin is appointed as Administrator, to serve without bond, and that Letters of Administration issue to her after taking the oath required by law.*" (*see* **Exhibit A**). [1] As Administrator, she holds exclusive authority to enforce and protect these copyrights and to litigate infringement claims. This action was initiated by the Estate to address unauthorized commercial exploitation of Dr. Muhammad's protected works by Defendants.

Pro se Movant Khalfani Rushiddin, is the biological son of Khallid Muhammad (formerly Harold Moore) and therefore subject to his portion of the Estate, that is not in dispute. He was notified of the opening of the Estate on October 4, 2001 (*see* **Cert of Mailing Exhibit B**) and did not contest the appointment of Paula White-Rushiddin at any time or her role as Administrator.

On January 9, 2026, pro se Movant Khalfani Rushiddin entered a Motion to Intervene (ECF DOC. #34).

Plaintiff Opposes Khalfani's Motion to Intervene for the following reasons.

**II. INTRODUCTION**

Proposed Intervenor Khalfani Rushiddin's Motion to Intervene must be denied under Fed. R. Civ. P. 24. Movant lacks a significantly protectable interest, is adequately represented by the Estate, and seeks to inject probate issues into a federal copyright action. Intervention would prejudice the parties, delay proceedings, and expand the scope of litigation improperly.

---

1

## III. LEGAL STANDARD

**A. Intervention as of Right — Rule 24(a)(2)**

A movant must show: (1) timeliness; (2) a significantly protectable interest; (3) impairment of that interest absent intervention; and (4) inadequate representation. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

**B. Permissive Intervention — Rule 24(b)**

Permissive intervention requires: (1) a common question of law or fact; and (2) a showing that intervention will not cause undue delay or prejudice. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).

## IV. ARGUMENT

**A. Paula White-Rushiddin Is the Court-Recognized Administrator of the Estate, and Movant Has No Independent Authority**

Only a court-appointed personal representative may litigate claims belonging to a decedent's estate. *Scott v. Thompson* (2010) 184 Cal. App. 4th 1506, 1511 Movant presents no letters of administration or probate appointment and therefore lacks capacity to litigate or control the Estate's copyrights. Movant provides no legal authority, only personal claims of biological connection, which do not establish a legal interest in the copyrights at issue.

**B. The Motion Is Untimely**

Timeliness under Rule 24 requires consideration of: (1) the stage of proceedings; (2) prejudice to other parties; and (3) reason for delay. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Movant waited months into litigation with no justification. Courts routinely deny intervention where alleged heirs

attempt to interfere with an estate's intellectual property litigation. *Amundson v. Catello*, 102 Cal. App. 5th 1020, 326 Cal. Rptr. 3d 315 (2025).

Here, the Ninth Circuit denies untimely motions that risk disruption. *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015). Likewise, in *Hilsley v. Ocean Spray Cranberries, Inc*., No. 17-cv-2335-GPC(MDD), 2020 WL 3316983, at *5 (S.D. Cal. Jan. 29, 2020), the court denied intervention because it would "complicate and slow the resolution" of the case.

**C. Movant Lacks a Significantly Protectable Interest**

A protectable interest must be "direct, non-contingent, substantial, and legally protectable." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Interests that are economic, derivative, or collateral do not qualify. *United States v. Alisal Water Corp*., 370 F.3d 915, 919–20 (9th Cir. 2004). Movant owns no copyrights, provides no assignments, and bases his interest solely on biological lineage. Courts reject such claims. *In re Estate of Prince Rogers Nelson*, 2018 WL 4859737 (D. Minn. Oct. 5, 2018), denied intervention where movants lacked legal title. Likewise, *Gonzalez v. Nationstar Mortg. LLC*, 2020 WL 7029510 (D. Nev. Nov. 30, 2020), held alleged heirs lacked standing because only the estate representative may litigate estate claims.

**D. Movant Will Not Be Impaired**

Rule 24(a)(2) requires showing the action would legally impair the movant's interest. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). This case concerns copyright infringement, not heirship or probate rights. Movant may pursue heirship or probate remedies independently. Courts deny intervention where alternate remedies exist. *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 3450365, at *12 (N.D. Cal. Feb. 5, 2013).

The Probate Court of the State of Nevada is the proper venue for the Movant to address any issues he has with the Estate. The Estate has been set up for **twenty-five years** with no interest by the Movant or Action

by the Movant.

**E. Movant's Interests Are Adequately Represented**

Adequate representation exists where the existing party and movant share the "same ultimate objective." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995). To show inadequate representation, Movant must demonstrate adversity, collusion, or failure. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Movant identifies no adversity. His dispute is with estate administration, not the copyright claims. Strategic disagreements do not justify intervention. *Perry v. Proposition 8*, 587 F.3d 947, 954 (9th Cir. 2009).

**F. Permissive Intervention Should Be Denied**

Movant raises probate issues unrelated to copyright infringement. Courts deny permissive intervention when it introduces unrelated issues. *Washington State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). In *Hilsley*, the court denied permissive intervention because it would "undermine the efficiency of the litigation." *Hilsley*, 2020 WL 3316983, at *8.

**V. CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Proposed Intervenor Khalfani Rushiddin's Motion to Intervene.

Date: 2/6/2026

LAW OFFICE MIFFLIN & ASSOCIATES

By: *Ken Mifflin Esq.*
KENNETH MIFFLIN.
Attorney For Plaintiff
4309 S. Western Ave.
Los Angeles, CA. 90062
LAW OFFICE OF MALIK SHABAZZ ESQ.

*Malik shabazz Esq*

MALIK Z. SHABAZZ, ESQ
Attorney for Plaintiff
LAW OFFICES OF MALIK Z. SHABAZZ
700 Pennsylvania. Ave SE, Suite #200
Washington D.C. 20003
Tel:     (301) 513-5445


[Of Counsel]