**KENNETH MIFFLIN. State Bar No.170599**
**LAW OFFICE MIFFLIN & ASSOCIATES**
**4309 S. Western Ave.**
**Los Angeles, CA. 90062**

**Attorney for Plaintiff**
**ESTATE OF DR. KHALLID MUHAMMAD**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF KHALLID MUHAMMAD** et al. | )<br>)<br>)<br>)<br>) Case No. 2:25-CV-02540 JLS-JPR<br>)<br>) PLAINTIFF'S RESPONSE TO ORDER RE:<br>) OPPOSITION TO MOTION TO<br>)    INTERVENE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| vs. | |
| **ESTATE OF TUPAC SHAKUR** et al. | |
| **DEFENDANTS.** | |

Plaintiff, Estate of Khallid Muhammad respectfully submit this Response to the Court's February 24, 2026 Order (Doc. 46) regarding the Opposition to the Motion to Intervene (Doc. 40).

**I. IDENTIFICATION OF AUTHORITIES AND LOCATION OF ERROR**

The Court identified two citations in Plaintiff's Opposition that the Court was unable to locate or that appeared misquoted. Both citations appear in Plaintiff's Opp'n to Mot. to Intervene at 4, *Estate of Khallid Muhammad v. Estate of Tupac Shakur*, No. 2:25-cv-02540-JLS-JPR (C.D. Cal. Feb. 6, 2026), ECF No. 40.

Section IV.C ("Movant Lacks a Significantly Protectable Interest") on page 4 of the Opposition, in the following sentence:

> "Courts reject such claims. *In re Estate of Prince Rogers Nelson*, 2018 WL 4859737 (D. Minn. Oct. 5, 2018), denied intervention where movants lacked legal title. Likewise, *Gonzalez v. Nationstar Mortg. LLC,* 2020 WL 7029510 (D. Nev. Nov. 30, 2020), held alleged heirs lacked standing because only the estate representative may litigate estate claims."

## II. CLARIFICATION AND CORRECTION OF CITATIONS

### A. In re Estate of Prince Rogers Nelson

Plaintiff acknowledges that the citation as written incorrectly identified the forum and Westlaw reference. The *Estate of Prince Rogers* litigation was adjudicated in Minnesota state probate proceedings, with appellate review by the Minnesota Court of Appeals, not the United States District Court for the District of Minnesota. A correct and citable authority addressing estate administration and heirship issues is: *In re the Estate of Prince Rogers Nelson*, 936 N.W.2d 897 (Minn. Ct. App. 2019). That decision addresses disputes among alleged heirs and confirms that authority over estate assets rests with the duly appointed estate representative under Minnesota probate law.

### B. Gonzalez v. Nationstar Mortgage LLC

Plaintiff further acknowledge that the citation to *Gonzalez v. Nationstar Mortg. LLC,* 2020 WL 7029510 (D. Nev. Nov. 30, 2020) does not correspond to a publicly retrievable decision at that citation.

The legal principle for which the case was cited—namely," that only a duly authorized personal representative or real party in interest may litigate claims belonging to an estate"—is well established, but the citation should be replaced with clearer and readily locatable authority.

## III. REPLACEMENT AUTHORITIES SUPPORTING THE SAME LEGAL PRINCIPLE

The following authorities accurately support the proposition cited in Plaintiff's Opposition:

**A,** *United States v. Alisal Water Corp.,* 370 F.3d 915, 919–20 (9th Cir. 2004) (holding that an interest sufficient for intervention must be direct, non-contingent, and legally protectable; derivative or collateral interests are insufficient).

**B.** *Moore v. Verizon Communications Inc.,* No. C 09-1823 SBA, 2013 WL 3450365, at *12 (N.D. Cal. Feb. 5, 2013)(denying intervention where proposed intervenor lacked standing to assert claims belonging to another entity).

**C.** *Scott v. Thompson*, 184 Cal. App. 4th 1506, 1511 (2010)(recognizing that only a court-appointed personal representative has authority to litigate claims on behalf of a decedent's estate).

These authorities accurately reflect the rule relied upon in Plaintiff's Opposition: that biological relationship alone does not confer standing to intervene in litigation asserting estate-owned intellectual property rights.

## IV. GOOD-FAITH CLARIFICATION

Plaintiff respectfully submit that the citation issues identified by the Court were the result of clerical and attribution errors, not any intent to misstate the law or mislead the Court. The underlying legal propositions advanced in the Opposition remain correct and are supported by well-established authority.

Plaintiff appreciate the Court's attention to citation accuracy and submit these corrections in good faith and in compliance with the Court's Order.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submit this clarification and correction in response to the Court's February 24, 2026 Order and stand on the substantive arguments set forth in their Opposition to the Motion to Intervene.

LAW OFFICE MIFFLIN & ASSOCIATES

By: /s/ <u>Kenneth Mifflin Esq.</u> /s/
<u>Kenneth Mifflin</u>
Attorney for Plaintiff

LAW OFFICES OF MALIK Z. SHABAZZ

By: <u>/s/Malik Z. Shabazz Esq. /s/</u>
Malik Z. Shabazz
Attorney for Plaintiff
